Dolan v. Cassella

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand thirteen.

PRESENT:
        **ROBERT D. SACK,**
        **PETER W. HALL,**
        **DEBRA ANN LIVINGSTON,**
           *Circuit Judges.*

_____

**Patrick Dolan,**

        *Plaintiff - Appellant,*

      **v.**                           **12-2486**

**John Cassella, Officer, Peter Kendzierski, Officer, Jay Kaufman, Officer, Gary Verni, Sergeant, John DeCarlo, Chief, Town of Branford,**

        *Defendants - Appellees.*

_____

| | |
|---|---|
| **FOR APPELLANT:** | Patrick Dolan, *pro se*, Wallingford, CT. |
| **FOR APPELLEES:** | James N. Tallberg (Patric D. Allen, *on the brief*), Karsten & Tallberg LLC, West Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Patrick Dolan, proceeding *pro se*, appeals from a judgment granting summary judgment pursuant to Federal Rule of Civil Procedure 56, in favor of the Appellees, dismissing his 42 U.S.C. § 1983 claims for wrongful arrest, malicious prosecution, and unlawful search and seizure. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P*. 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation omitted). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-

moving party has the burden of proof at trial, the moving party need only demonstrate that there is a lack of evidence to support the non-movant's claim. *See id.* at 324-25.

Once the movant has satisfied this burden, the burden of production shifts to the non-movant. *See Matsushita*, 475 U.S. at 586-87. The non-movant "must set forth specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his pleading." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) (internal quotation marks omitted). There must be more than "a scintilla of evidence" in support of the non-movant's position; there must be sufficient evidence from which a reasonable finder of fact could find in the non-movant's favor. *Id.* at 252.

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kelsey v. County of Schoharie*, 567 F.3d 54, 60–61 (2d Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This Court's analysis of whether a right is clearly established is "tied to the specific facts and context of the case," *Gilles v. Repicky*, 511 F.3d 239, 244 (2d Cir. 2007), with "[o]nly Supreme Court and Second Circuit precedent existing at the time of the alleged violation [being] relevant in deciding whether a right is clearly established," *Moore v. Vega*, 371 F.3d 110, 114 (2d Cir. 2004). In order to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

If the right was clearly established, courts "analyze the objective reasonableness of the officer's subjective belief in the lawfulness of his actions." *Loria v. Gorman*, 306 F.3d 1271, 1282 (2d Cir. 2002). "If the officer reasonably believed his actions did not violate the plaintiff's rights, he is entitled to qualified immunity even if that belief was mistaken." *Id*. Such a belief is objectively reasonable "if 'officers of reasonable competence could disagree' on the legality of the defendant's actions." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995)(quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Further, "in the absence of a material factual dispute, the question of whether it was objectively reasonable for the officers to believe that they did not violate the plaintiff's rights is a purely legal determination for the court to make." *Id.* at 422.

We conclude that Dolan's appeal is without merit substantially for the reasons articulated by the district court in its oral ruling. *See* Transcript at 34-44, *Dolan v. Cassella*, No. 10-cv-1235 (D. Conn. May 18, 2012). One point, however, merits further comment.

Appellant has claimed, *inter alia*, that Appellee Officer Jay Kaufman unlawfully seized a vehicle in which Appellant had a property interest from Appellant's business property without a warrant. Even assuming Appellant had a possessory interest in the truck, we nevertheless affirm the district court's decision because there is evidence only of Appellee Kaufman's presence at the repossession. *See Barrett v. Harwood*, 189 F.3d 297, 302 (2d Cir. 1999) (noting that "a police officer's mere presence at the scene" of a repossession "is insufficient to constitute state action" for purposes of a § 1983 action). No evidence was adduced at summary judgment showing that any named defendant "t[ook] an

4

active role that either affirmatively assisted in the repossession over [Dolan's] objection or intentionally intimidated [Dolan] so as to prevent him from exercising his legal right to object to the repossession," *id*. at 303, and so Dolan has failed to show state action. We have considered all of Dolan's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5